**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
|                                      |                                     |
|--------------------------------------|-------------------------------------|
| **In re:**                    )      | **Chapter 11 (Subchapter V)**       |
|                               )      |                                     |
| **KNIGHTHOUSE MEDIA, INC.,**  )      | **Case No. 20-12448 (JTD)**         |
|                               )      |                                     |
|                    **Debtor.**)      |                                     |
| _____)     |                                     |

**SUBCHAPTER V STATUS REPORT**

*Note: must be filed 14 days prior to initial status conference*

| | |
|---|---|
| Date of order for relief: | October 2, 2020 |
| Subchapter V Trustee: | David Klauder, Esq. |

Has the debtor attended an initial debtor interview?   Yes ☑   No ☐

    If no, please explain:

_____

Has the trustee concluded the 341 meeting?   Yes ☑   No ☐

    If no, please explain:

_____

Has the debtor filed all postpetition financial reports?   Yes ☑   No ☐

    If no, please explain:

_____

Has the debtor filed all monthly operating reports?   Yes ☑   No ☐

    If no, please explain:

_____

Is all relevant insurance in place and current?   Yes ☑   No ☐

    If no, please explain:

    New D&O Policy to be obtained shortly; all other insurance already in place

_____

Has the debtor filed all applicable tax returns?                    Yes ☑        No ☐

    If no, please explain:

_____

Has the debtor paid all taxes entitled to administrative expense priority?    Yes ☑    No ☐

    If no, please explain:

_____

Please detail the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization:

    Since filings its Subchapter V case on October 2, 2020 (the **"Petition Date"**), the Debtor has made significant progress towards developing a plan of reorganization to present to creditors, with the goal of obtaining their consent. As detailed by Debtor's President and CEO Korry Stagnito at Debtor's Section 341 meeting of creditors, Debtor's strategic plan includes transforming its business model from one that historically focused on one-time customers to a recurring revenue model. While the pandemic has deepened in recent weeks, promising developments on the vaccine front suggest a light at the end of the tunnel. The Debtor's target customers, including the retail and hospitality industries, are planning their 2021 marketing strategies and budgets **now** in anticipation of significant B2B media and marketing campaigns to coincide with the easing of the pandemic and related consumer preferences and restrictions and a return to normalcy. The Debtor has been making a significant sales push during the month of November by partnering with an industry-leading buyer/seller events company and participating in virtual meetings with nearly 200 prospective customers across a two week period. Based on the outcome of these meetings, the Debtor anticipates formulating the financial projections that will provide the basis for its Subchapter V Plan.

25336666v.1

To sustain operations and provide the necessary runway to formulate a Subchapter V Plan, the Debtor secured a commitment for debtor-in-possession equity financing in the amount of $75,000 from SGH GFX Irrevocable Trust u/a/d 11/2/15, Debtor's 55.22% shareholder pursuant to the terms of a Subscription Agreement that was approved on an interim basis on November 6, 2020, with a final hearing to be held on November 30, 2020 contemporaneous with the Debtor's Subchapter V status conference.  The availability of this financing and the confidence of the investor in Debtors future prospects is intended to reassure Debtor's creditors and employees that Debtor is able to continue operating as a going concern with the ability to continue paying bills and payroll as they come due in the ordinary course of its business so that the Debtor can restructure of its operations, propose and confirm a Subchapter V plan, and emerge from bankruptcy as viable business enterprises in the very near future.

The Debtor has also made significant progress on the expense side of its financial projections.  As set forth in Declaration of Korry Stagnito in Support of Chapter 11 Petition and First Day Motions, as a result of the global coronavirus pandemic, the Debtor determined that it was no longer deriving a benefit from its Chicago, Illinois and Beverly, Massachusetts office leases that accounted for approximately nineteen percent (19%) of Debtor's monthly operating costs.  To preserve cash flow to pay its employees and other necessary operating expenses, Debtor discontinued paying rent under the office leases in August 2020.  Shortly before the Petition Date, the Debtor permanently vacated both offices and surrendered possession back to the landlords.  On the Petition Date, the Debtor moved to reject both office leases.  The rejection motions were granted on November 6, 2020.

The bar date for filing proofs of claim in Debtor's bankruptcy case is 60 days after the Petition Date for all creditors, except that for governmental units it is 180 days after the Petition Date. Although the bar dates will provide additional certainty as to the universe of claims against the Debtor, aside from the leases and routine trade obligations, the Debtor believes that its only other significant outstanding prepetition obligations are (a) a Paycheck Protection Program (PPP) loan in the amount of $818,630.00, a significant portion of which is expected to qualify for forgiveness, and (b) roughly $265,625.00 owed under an unsecured promissory note to a UK-based noteholder, Three Crowns Holdings, Ltd.[1]

While Debtor's lender, Fifth Third Bank, is accepting forgiveness applications, it is unclear whether the Small Business Administration (SBA) has begun processing forgiveness applications. Additionally, rules governing forgiveness have been in flux. Accordingly, while it appears increasingly unlikely that the Debtor will have a formal forgiveness decision within the 90-day timeframe for filing a Subchapter V Plan under 11 U.S.C. § 1189(b), the Debtor anticipates submitting its forgiveness application shortly and will base the Plan's financial projections on anticipated forgiveness.

---

Note: **Debtor must file a plan not later than 90 days after entry of order for relief,** unless the court extends the deadline upon a finding that extension is "attributable to circumstances for which the debtor should not justly be held accountable." See 11 U.S.C. § 1189(b).

This status report must be served on the Subchapter V Trustee and all parties in interest.

Date: 11/16/2020

Korry Stagnito, Chief Executive Officer of

---

[1] Three Crowns Holdings, Ltd. has filed a proof of claim in the amount of $275,287.79.

4

25336666v.1